# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Jeffrey P. Loving, | |
| Plaintiff, | Case No. 14 C 5270 |
| v. | Judge John Robert Blakey |
| City of Chicago, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

In this Section 1983 civil rights action, Plaintiff Jeffrey Loving claims that certain officers with the Chicago Police Department planted evidence and falsely arrested him in connection with a prior prosecution.

Before this Court is Plaintiff's motion for attorney representation. [19]; [20]. However, as a preliminary matter and on this Court's own motion, Plaintiff is directed to show in writing on or before March 27, 2015 good cause why the complaint [10] should not be dismissed as time-barred. Failure to show good cause may result in summary dismissal of this case. This Court will consider Plaintiff's motion for attorney representation if and once Plaintiff has shown good cause.

I.  Background

On June 5, 2012, Chicago police officers approached Plaintiff and a friend while they were sitting in Plaintiff's van. The officers asked them what they were doing in the neighborhood. Plaintiff responded that he grew up there. The officers

made Plaintiff and his friend exit the van, searched them and, finding nothing, ordered them to leave the area.

Approximately three hours later on June 5, 2012, Plaintiff and the friend returned to the neighborhood so that the friend could retrieve her truck, which was parked there. They climbed into the truck and were talking when the same police officers returned. The police officers made Plaintiff and the friend exit the truck and took the keys to Plaintiff's van. The police officers searched the van, said they found drugs, seized the van and arrested Plaintiff.

Plaintiff alleges that the police officers lied about finding drugs and falsely arrested him. The charges against Plaintiff ultimately were dismissed.

**II.    Analysis**

Plaintiff's claims may be time-barred. In Illinois, the statute of limitations for Section 1983 actions is two years. 735 ILCS 5/13-202; *see Dominguez v. Hendley*, 545 F.3d 585, 588 (7th Cir. 2008). The statute of limitations is not tolled for inmates. *Schweihs v. Burdick*, 96 F.3d 917, 919 (7th Cir. 1996); *Turner-El v. Davis*, 2010 WL 3526379, *1 n.1 (N.D. Ill. 2010). Expiration of the statute of limitations generally is pled as an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

A false arrest claim accrues at the time of arrest and not upon dismissal of the charges. "[T]he statute of limitations upon a § 1983 claim seeking damages for

a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Wallace v. Kato*, 549 U.S. 384, 397 (2007); *see Thomas v. City of Chicago*, 2009 WL 1444439, *3 (N.D. Ill. 2009) (a false arrest claim accrues "no later than [the arrestee's] arraignment").

Here, Plaintiff was arrested on June 5, 2012 and presumably was arraigned no later than June 7, 2012. Generally, "persons arrested without a warrant must receive a judicial determination of probable cause within 48 hours." *Lopez v. City of Chicago*, 464 F.3d 711, 719 (7th Cir. 2006). The statute of limitations expired two years later, which, assuming that Plaintiff was arraigned within 48 hours, is June 7, 2014, at latest. But the Clerk did not receive this lawsuit until July 9, 2014. *See* [10].

The so-called *Houston* "mailbox rule" may not save Plaintiff. Under this rule, pleadings from *pro se* prisoners such as Plaintiff are considered "filed" when given to the proper prison authorities for mailing and not when received by the Clerk. *Jones v. Bertrand*, 171 F.3d 499, 500-02 (7th Cir. 1999); *Jones v. Feinerman*, 2011 WL 4501405, *7 & n.6 (N.D. Ill. 2011) (applying the *Houston* mailbox rule to a Section 1983 case). The Complaint is dated May 29, 2014 (*see* [10] at 6), which is within the two-year statute of limitations; however, the Clerk did not receive the Complaint until July 9, 2014. July 9, 2014 is weeks after the Complaint is dated and after the two-year statute of limitations expired.

3

Even if this lawsuit was filed within the two-year statute of limitations, it may now be too late for Plaintiff to file an amended complaint naming the Chicago police officers who arrested him as defendants. This Court already has observed that the City of Chicago, the only currently-named Defendant, is acting as a placeholder until the arresting officers are identified. [9].

It is well-established that a plaintiff cannot invoke the Federal Rule of Civil Procedure 15(c) relation back principles to replace placeholder defendants with named defendants after the statute of limitations has expired. *Worthington v. Wilson*, 8 F.3d 1253, 1256-57 (7th Cir. 1993); *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980); *Williams v. Hardy*, 2012 WL 1719181, *3 (N.D. Ill. 2012). There is an exception to this general rule, however, where the plaintiff was reasonably diligent in attempting to identify the unknown defendants but was frustrated in his efforts. *Bryant v. City of Chicago*, 746 F.3d 239, 243-44 (7th Cir. 2014).

**III. Conclusion**

Plaintiff is directed to show in writing on or before March 27, 2015 good cause why the Complaint should not be dismissed as time-barred. At a minimum, Plaintiff should state (1) when he was arraigned; (2) when and to whom he gave the Complaint for mailing; and (3) what efforts he took to identify the unknown police officers who arrested him and when he took those efforts. Failure to show good cause may result in summary dismissal of this case. This Court will consider

4

Plaintiff's motion for attorney representation ([19] and [20]) if and once Plaintiff has shown good cause.

Dated: March 5, 2015

Entered:

_____
John Robert Blakey
United States District Judge